IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


KIONTA J. THOMAS                                                                                    PLAINTIFF


v.                                          Case No. 6:15-CV-06021


SHERIFF JASON WATSON and
ADMINISTRATOR LARRY KANE                                                            DEFENDANTS


## ORDER

Plaintiff, Kionta J. Thomas, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 13, 2015. ECF No. 1. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915A, which requires the Court to review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Varner Unit. His Complaint concerns his time detained "in jail within Ouachita County awaiting a trial date for Clark County." ECF No. 1, p. 10. Plaintiff alleges unconstitutional conditions of confinement. Specifically, he alleges that he was detained on January 5, 2015, in the Ouachita County Detention Facility. ECF No. 1, p. 11. He alleges that he was denied a sleeping mat from 3:30 p.m. on January 5, 2015, to 12:00 p.m. on January 6, 2015. He also alleges that he was not given a breakfast tray on January 6, 2015. ECF No. 1, p. 11.

Plaintiff further alleges that he filed a grievance about the lack of breakfast, and received no response on that grievance from Defendant Kane. Plaintiff identified Defendant Kane as the

Jail Administrator and Grievance Officer, and lists his place of employment as Arkadelphia, Arkansas.  Plaintiff proceeds against Defendant Kane in both his official and individual capacity.

Plaintiff proceeds against Defendant Watson in his individual capacity only.  When asked to identify the act(s) or omission(s) of Defendant Watson, Plaintiff alleges that "Mr. Jason Watson is the Sheriff in Arkadelphia Clark County."  He lists his place of employment as Arkadelphia, Arkansas. ECF No. 1, p. 3.  Later in the Complaint Plaintiff states that "Mr. James Watson is the sheriff at Clark County and is to have first hand knowledge of any acts that take place within Clark County Jail.  (A) he did not act on the fact that I was placed in a cell without a 'matt' to rest on.  (B) nor did he act on the fact that I was not given a breakfast tray." ECF No. 1, p. 11.

The Ouachita County Detention Complex, where Plaintiff was housed, is located in Camden, Arkansas, which is in Ouachita County.  The Clark County Sheriff's Office, where Defendant Kane is employed, is located in Arkadelphia, Arkansas, which is in Clark County.  Defendant Jason Watson is Sheriff of Clark County, as stated by Plaintiff.  Therefore, Plaintiff is attempting to proceed against Clark County employees for conditions of confinement experienced in the Ouachita County Detention Complex.

Plaintiff seeks $75,000 in damages for pain, suffering, and ill-treatment while "under the care of Clark County."  He also requests an investigation into the actions of both Defendants. ECF No. 1, p. 12.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if

it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

For the reasons discussed below, Plaintiff has failed to state any cognizable claim against any defendant. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained in the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

In the present case, Plaintiff identifies Defendant Kane as a Clark County Jail Administrator and Grievance Officer and Plaintiff indicates that he is suing Defendant Kane in

his official capacity. However, Plaintiff has not made any allegations about a Clark County custom or policy which violated his constitutional rights. To the extent his complaint might be construed against Ouachita County, he has made no allegations of any Ouachita County policies or customs which violated his constitutional rights. Therefore, he has failed to state any cognizable official capacity claim against Defendant Kane.

Plaintiff's claims against Defendant Watson in his individual capacity are barred by the doctrine of *respondeat superior*. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (internal quotations omitted). In other words, defendants cannot be held liable merely because they hold supervisory positions with a county.

In the present case, Plaintiff states that he is suing Defendant Watson because he is the Sheriff of Clark County and should therefore know about any acts which take place "within the Clark County Unit." Plaintiff also states that Defendant Watson failed to "act" on the missing mat and breakfast tray. Plaintiff has made no allegations that could be construed to show Defendant Watson had any personal involvement in Plaintiff's alleged denial of a sleeping mat

4

or missing breakfast tray. Further, Plaintiff's individual capacity claim against Defendant Watson in this case is twice-removed, as Plaintiff is complaining of treatment in Ouachita County and attempting to sue Defendant Watson solely because he holds the supervisory role of Sheriff in Clark County.

Plaintiff's individual capacity claim against Defendant Kane for failing to respond to Plaintiff's grievance about the missing breakfast tray fails to state a cognizable claim. This claim is also twice removed because Plaintiff is complaining of treatment in Ouachita County and attempting to sue Defendant Kane, who is employed by Clark County. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d at 542 (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

5

Plaintiff alleges that he missed breakfast one day. Missing one meal does not rise to the level of a constitutional violation. "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talia v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (expressing doubt that Talia who missed approximately fifty meals in five months and lost fifteen pounds met this threshold); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (even on a regular permanent basis, two meals a day may be adequate); s*ee also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (claim that inmate missed eight meals properly dismissed as frivolous); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (Eighth Amendment not violated when inmate served only one meal a day for fifteen consecutive days where the one meal was sufficient to maintain normal health.).

Plaintiff alleges that he had to sleep without a mat for one night. Sleeping one night without a mat does not rise to the level of a constitutional violation. *See e.g., O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir. 1996) (inmate forced to spend four days sleeping on a concrete slab without a blanket or mattress did not state a constitutional violation); *Williams v. Delo,* 49 F.3d 442 (8th Cir.1995) (holding that four days without water, a mattress, bedding, clothing, legal mail, or hygienic supplies did not violate the Eighth Amendment); s*ee also Desroche v. Strain,* 507 F. Supp. 2d 571, 579–80 (E.D.La. Aug. 16, 2007) (sleeping on the floor in a crowded holding tank for ten days fails to state a constitutional violation because the conditions were temporary, and the short duration did not result in sufficiently serious conditions posing a substantial risk of serious harm to the inmate).

For the reasons set forth above, the Court finds that Plaintiff's claims against all Defendants should be dismissed as all claims asserted are either frivolous or fail to state claims

upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**. Further, dismissal of this case constitutes a strike under 28 U.S.C. § 1915(g). The Clerk is directed to place a strike flag on this case.

    IT IS SO ORDERED this 6th day of April, 2016.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge